Terence N. Hawley (SBN 179106)
Email:  thawley@reedsmith.com
Kelsey A. Hill (SBN 329496)
Email:  khill@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone:      +1 213 457 8000
Facsimile:      +1 213 457 8080

Attorneys for Defendant
Trans Union LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL REID LEWIS, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSUNION LLC,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>[REMOVAL FROM THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, CASE NO. 21STCV10069]<br><br>Compl. Filed:      March 15, 2021 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF THE ABOVE ENTITLED-COURT AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Trans Union LLC, improperly named "TransUnion LLC" ("Trans Union"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes the above-entitled civil action from the Superior Court of California, Los Angeles County, Case No. 21STCV10069, to the U.S. District Court for the Central District of California. In support of this Notice of Removal, TransUnion states as follows:

1.    On March 15, 2021, Plaintiff Michael Reid Lewis ("Plaintiff") filed a putative class-action lawsuit against Trans Union in the Superior Court of the State of California, County of Los Angeles, captioned *Lewis v. TransUnion LLC*, Case No. 21STCV10069 (the "State Court Action"). In his Class Action Complaint ("Complaint"), Plaintiff asserts class claims against Trans Union for alleged violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (Count I); the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.1, *et seq*. (Count II); and the California Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq*. (Count III). A copy of the Summons and Complaint are attached, along with a copy of all process, pleadings, and orders filed in the State Court Action and/or served on Trans Union, the removing defendant, as **Exhibit A**.

2.    Plaintiff served Trans Union with the Summons and Complaint on March 17, 2021. This Notice of Removal is timely because it is being filed within 30 days (*i.e.*, by April 16, 2021) of the date that Plaintiff served Trans Union with the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

3.    Venue is proper because the U.S. District Court for the Central District of California is the U.S. District Court for the district and division embracing the location where the State Court Action was pending. *See* 28 U.S.C. § 1441(a).

4.    The U.S. District Court for the Central District of California has federal

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

question jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because the claims alleged in the Complaint arise under the FCRA – a federal statute. *See* Exhibit A, at Complaint ¶¶ 1-5, 38-41. Additionally, the FCRA provides for federal court jurisdiction of such claims. *See* 15 U.S.C. § 1681p.

5. The U.S. District Court for the Central District of California has supplemental jurisdiction over Plaintiff's state law causes of action (Counts II and III) pursuant to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's FCRA claims that they form part of the same case or controversy.

6. Trans Union is the only defendant in this lawsuit. Therefore, the only defendant consents to and joins in this removal.

7. Trans Union has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446:

    a. All process, pleadings, and orders filed and/or served on Trans Union to date are attached as Exhibit A. *See id*. § 1446(a).

    b. Trans Union filed this Notice of Removal within 30 days of the service of the Summons and Complaint. *See id*. § 1446(b)(1).

    c. Trans Union will provide this Notice of Removal to Plaintiff, through his counsel, Sophia Rios, Berger Montague PC, 12544 High Bluff Drive, Suite 340, San Diego, CA 92130, and the California Superior Court, County of Los Angeles, before which the State Court Action was pending. *See id*. § 1446(d).

    d. Trans Union will also file a copy of this Notice of Removal in the State Court Action. *See id.*

8. TransUnion is filing a Civil Cover Sheet with this Notice of Removal.

DATED: April 6, 2021

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

-2-

1

REED SMITH LLP

2

By: _/s/ Terence N. Hawley_

3
Terence N. Hawley
Kelsey A. Hill

4
REED SMITH LLP
355 South Grand Avenue, Suite 2900

5
Los Angeles, CA  90071-1514
Telephone:     +1 213 457 8000

6
Facsimile:     +1 213 457 8080

7

8
Attorneys for Defendant
Trans Union LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on April 6, 2021, a true and accurate copy of the foregoing was sent by electronic mail and U.S. Mail to:

Sophia Rios
Berger Montague PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
srios@bm.net


*/s/ Kelsey A. Hill*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

55c-6

1
2
3
4
5
6
7
8

Sophia Rios, SBN 305801
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
T. 619.489.0300
F. 215.875.4604
srios@bm.net

*Attorney for Plaintiff*

**FILED**
Superior Court of California
County of Los Angeles

MAR 15 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ S. DREW _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES
### UNLIMITED CIVIL

| | |
|---|---|
| MICHAEL REID LEWIS, individually and on behalf of those similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>TRANSUNION LLC,<br><br>     Defendant. | Case No. **21STCV10069**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Failure to Disclose Full Consumer File, 15 U.S.C. § 1681g;<br>(2) Failure to Disclose Full Consumer File, Cal. Civ. Code §§ 1785.10, 1785.15;<br>(3) Fraudulent & Unfair Practices, Cal. Bus. & Prof. Code § 17200<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
Case No.

COMES NOW, Michael Reid Lewis ("Plaintiff"), on behalf of himself and the classes set forth below and states as follows:

## INTRODUCTION

1.      This is a class action for damages and injunctive relief brought against Defendant TransUnion LLC, ("Defendant" or "TU") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq.* ("CCRAA"), and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*

2.      Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis.

3.      Defendant's subsidiary, TransUnion Rental Screening Solutions, Inc. ("TURSS"), falsely reported to Plaintiff's potential landlord that Plaintiff had a criminal record.  In fact, the convictions TURSS reported belonged to individual(s) with a similar name to Plaintiff, but none of the reported convictions belonged to Plaintiff.

4.      However, when Plaintiff requested copies of his file, Defendant failed to provide information regarding the reports issued by its subsidiary, TURSS, or the erroneous criminal information reported by TURSS.  Defendant's incomplete and therefore inaccurate disclosures deprived Plaintiff of information to which he was entitled, and which would have assisted him in correcting TURSS' inaccurate reporting.

5.      On behalf of himself and several classes of similarly situated individuals, Plaintiff brings claims pursuant to the FCRA, CCRAA and UCL.

## PARTIES AND JURISDICTION

6.      Individual and representative Plaintiff Michael Reid Lewis is a resident of San Pedro, California.

7.      Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA and CCRAA.

8.      Defendant TransUnion LLC is a consumer reporting agency as contemplated by the

1

1  FCRA, 15 U.S.C. § 1681a. Defendant is regularly engaged in the business of assembling, evaluating,

2  and disbursing information concerning consumers for the purpose of furnishing consumer reports to

3  third parties.

4        9.    Defendant is a Delaware corporation headquartered in Illinois.

5        10.   The Court has personal jurisdiction over Defendant.  Defendant conducts substantial

6  business in this County, including issuing background checks and credit reports on residents of this

7  County, including Plaintiff Lewis.

8        11.   This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and Cal.

9  Civ. Code § 410.10.

10       12.   Venue is proper in the County of Los Angeles as Plaintiff Lewis resides in this County.

11       **FACTUAL ALLEGATIONS RELATING TO PLAINTIFF LEWIS**

12       13.   In June 2019, Plaintiff Lewis and his wife were seeking new housing.  Having located

13  a property they wanted to rent in Pine Mountain Club, California, they quickly moved to apply.

14  Plaintiff paid a fee to the broker for the rental application and associated background check.

15       14.   Plaintiff Lewis and his wife were surprised to receive an email on June 14, 2019,

16  which stated their application was being denied "based in whole, or in part, on the information in

17  your Screening Report provided by TransUnion, the Credit Reporting Agency." (Ex. A.)

18       15.   The email demonstrated the interconnectedness between Defendant and TURSS by

19  providing that disputes regarding the contents of the report could be mailed to:

20          TransUnion Rental Screening Solutions
            Attention: Consumer Disputes

21          P.O. Box 800

22          Woodlyn, PA 19094

23  (*Id.*)   Disputes could also be emailed to TURSSDispute@transunion.com.   (*Id.*)   Woodlyn,

24  Pennsylvania, is the location of a TransUnion office, but not a TURSS office. Further, transunion.com

25  is obviously the domain for TransUnion, not TURSS.

26       16.   The specific product TURSS produced regarding Plaintiff was called a "SmartMove"

27  report.   Defendant   maintains   a   website   promoting   the   SmartMove   product   at

28                                  2

CLASS ACTION COMPLAINT
Case No.

1  www.mysmartmove.com.  That site is replete with large banners containing Defendant's branding,

2  with the only reference to TURSS in tiny text at the very bottom of the page: "© 2021 TRANSUNION

3  RENTAL SCREENING SOLUTIONS, INC." (*See* Ex. B.)

4      17.    When Plaintiff was finally able to obtain a copy of his report, it was similarly branded,

5  on the top of the first page, with no clear reference to TURSS:



10  (Ex. A.)

11      18.    Seeking to determine the reason for his denial, Plaintiff Lewis, through counsel,

12  requested a copy of his full consumer file from Defendant.

13      19.    On August 12, 2019, Defendant responded by providing Plaintiff Lewis with an 8-

14  page disclosure.

15      20.    Defendant's disclosure noted the TURSS report on page 4 as an "Account Review

16  Inquir[y]," meaning that TURSS obtained information from Defendant, but did not include any of

17  the substance of what TURSS reported to Plaintiff Lewis' prospective landlord, a copy of that report,

18  or any of the underlying records, despite the facts that Defendant owns TURSS, that the TURSS

19  report contained nothing but Defendant's branding, that Defendant runs a website promoting the

20  background check product at issue, or that Defendant administers TURSS' dispute process.

21

22  **FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY FAILED TO COMPLY
WITH THE FCRA**

23      21.    Defendant consistently fails to comply with its obligation under 15 U.S.C. § 1681g to

24  disclose consumers' full files.  Specifically, in response to valid requests, it never discloses the reports

25  and data held by TURSS, despite the fact that the adverse action email identified Defendant as the

26  source of the report, the corporate relationship between Defendant and TURSS, and the numerous

27

28  _____

3

1   ways in which Defendant promotes and helps to administer TURSS' reporting. *See* ¶¶ 14-17, *infra.*

2       22.   Defendant's failure to fully disclose its full files to consumers makes it difficult for

3   individuals trying to clear their names, such as Plaintiff, because consumers often do not know what

4   specific entity they need to direct their request to, and are unable to receive a copy of their TURSS

5   file if Defendant fails to provide it.

6       23.   Defendant's conduct is contrary to the plain language of the FCRA.  Section

7   1681g(a)(1) provides that a consumer reporting agency shall provide to the consumer upon request

8   "All information in the consumer's file."  The term "file" is defined in the FCRA as "all of the

9   information on that consumer recorded and retained by a consumer reporting agency regardless of

10  how the information is stored." 15 U.S.C. § 1681a(g).

11      24.   Congress also clearly intended to prevent consumer reporting agencies from engaging

12  in precisely the type of shell games that Defendant is engaging in here, noting that agencies should

13  not be allowed to "circumvent[] or evad[e]" their statutory responsibilities "by means of a corporate

14  reorganization or restructuring, including a merger, acquisition, dissolution, divestiture, or asset sale."

15  15 U.S.C. § 1681x; *see also* 12 C.F.R. § 1022.140(a).

16      25.   At the time of Plaintiff's file request to Defendant, Defendant was on notice that the

17  report issued by TURSS needed to be included in its response – a case making similar allegations

18  against Defendant, with respect to eviction records, had been on file for nearly a year. *See McIntyre*

19  *v. Transunion, LLC*, No. 2:18-cv-03865 (E.D. Pa. Sept 10, 2018).  The court in that case recently

20  denied Defendant's motion to dismiss. *Id.*, ECF No. 28.

21      26.   In addition to the conduct set forth above, Defendant's willful conduct is further

22  reflected by, *inter alia*, the following:

23      a.  The FCRA was enacted in 1970; Defendant has had 50 years to become compliant;

24      c.  Defendant is a corporation with access to legal advice through its own general counsel's

25         office and outside litigation counsel.  Yet, there is no contemporaneous evidence that it

26         determined that its conduct was lawful;

27      d.  Defendant knew or had reason to know that its conduct was inconsistent with FTC

28                              4

guidance, case law, and the plain language of the FCRA;

e.  Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

f.  Defendant knew that matching individuals to criminal records using limited information would result in false positives. However, it persisted in doing so; and

g.  Defendant's violations of the FCRA were repeated and systematic.

27.    At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes the costs and administrative burden of compliance with the law is too large.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on behalf of the following classes:

(a)    For Defendant's violations of Section 1681g of the FCRA (the "FCRA Disclosure Class"):

> All persons residing in the United States and its Territories who, during the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, requested a copy of their consumer file from Defendant, to whom Defendant provided a response which did not include a report or data held by TURSS, despite the existence of such a report or data.

(b)    For Defendant's violations of Sections 1785.10 and 1785.15 of the CCRAA ("the CCRAA Disclosure Class"):

> All natural persons residing within the State of California who, during the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, requested a copy of their consumer file from Defendant, to whom Defendant provided a response which did not include a report or data held by TURSS, despite the existence of such a report or data.

29.    Class certification is appropriate under Cal. Civ. Code § 382.

5

30.     Numerosity:  The classes are so numerous that joinder of all class members is impracticable.  Given the volume of Defendant's business, there are hundreds or thousands of class members.

31.     Typicality: Plaintiff's claims are typical of the members of the classes.  It is typical for Defendant to fail to provide full responses to file requests.  The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistently with other class members in accordance with its standard policies and practices.

32.     Adequacy: Plaintiff will fairly and adequately protect the interests of the classes because he and his experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the classes.

33.     Commonality:  This case presents common questions of law and fact, including but not limited to:

    a.  Whether Defendant violated the FCRA by failing to fully disclose the contents of its files on consumers, despite valid consumer requests;

    b.  Whether Defendant violated the CCRAA by failing to fully disclose the contents of its files on consumers, despite valid consumer requests;

    c.  Whether Defendant violated the UCL by failing to provide full and accurate file disclosures;

    d.  Whether Defendant's violations were willful;

    e.  The proper measure of damages; and

    f.  The proper injunctive relief.

34.     Class certification is appropriate under Cal. Civ. Code § 382 because, *inter alia*, questions of law and fact common to the classes predominate over any questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the classes do not have an interest in pursuing separate actions against

Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

35.     In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

36.     Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

37.     Plaintiff intends to send notice to all members of the classes to the extent required by Cal. Civ. Code § 382. The names and addresses of the class members are available from Defendant's records.

**COUNT I**
**15 U.S.C. § 1681g**
**On Behalf of Plaintiff and the FCRA Disclosure Class**

38.     Plaintiff incorporates the paragraphs above.

39.     Defendant failed to clearly and accurately disclose to Plaintiff all information in his file, despite Plaintiff's valid request pursuant to § 1681g. This includes information and reports from corporate subsidiaries like TURSS.

40.     Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and the FCRA Disclosure Class members under 15 U.S.C. § 1681g by failing to include TURSS reports in response to a valid request. *See* ¶¶ 28-37.

41.     Plaintiff and FCRA Disclosure Class members are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

7

### COUNT II
### Cal. Civ. Code § 1786.28
### California Consumer Credit Reporting Agencies Act
### Asserted on behalf of Plaintiff and the CCRAA Disclosure Class

42.     Plaintiff incorporates the paragraphs above.

43.     The CCRAA required Defendant to include all information it had on file about a consumer in response to a consumer's request.  Cal. Civ. Code §§ 1785.10, 1785.15.  This includes information in the possession of a corporate subsidiary.

44.     Defendant violated this provision by failing to include the reports issued by TURSS in its disclosures to Plaintiff and members of the proposed CCRAA Disclosure Class.

45.     Because there is no indication that TURSS is going to be improving the quality of its reporting, and because Plaintiff plans to seek housing in the future, Plaintiff has a continuing need to have access to his full file from Defendant.

46.     Accordingly, Plaintiff and the CCRAA Disclosure Class are entitled to injunctive relief and to the recovery of attorneys' fees and costs.

### COUNT III
### Cal. Bus. & Prof. Code § 17200
### Unlawful, Unfair, or Fraudulent Conduct
### Asserted on behalf of Plaintiff and the CCRAA Disclosure Class

47.     Plaintiff incorporates the paragraphs above.

48.     Defendant was required to adhere to the requirements of the UCL.

49.     By failing to provide complete responses to Plaintiff's request, Defendants diminished Plaintiff's abilities to correct TURSS' flawed reporting.

50.     Defendant's incomplete disclosures constituted unlawful, unfair, and fraudulent business practices.

51.     Defendant's practices were unlawful because they violate the FCRA and/or the CCRAA.

52.     Defendant's practices were unfair because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers to fail to disclose to them reports created by its

8

CLASS ACTION COMPLAINT
Case No.

1   subsidiary, TURSS.

2       53.    The harm caused by these business practices vastly outweighs any legitimate utility

3   they possible could have.

4       54.    Because there is no indication that TURSS is going to be improving the quality of its

5   reporting, and because Plaintiff plans to seek housing in the future, Plaintiff has a continuing need to

6   have access to his full file from Defendant.

7       55.    Plaintiff and the CCRAA Disclosure Class are entitled to injunctive relief and to the

8   recovery of attorneys' fees and costs.

9                          **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff, on behalf of himself and the classes, seek the following relief:

11      a.   Determining that this action may proceed as a class action;

12      b.   Designating Plaintiff as the class representative for the classes;

13      c.   Designating Plaintiff's counsel as counsel for the classes;

14      d.   Issuing proper notice to the classes at Defendant's expense;

15      e.   Declaring that Defendant violated the FCRA, CCRAA and UCL;

16      f.   Declaring that Defendant acted negligently, or willfully, and in deliberate or reckless

17           disregard of the rights of Plaintiff and the classes under the FCRA;

18      g.   Awarding actual and/or statutory damages as provided by the FCRA;

19      h.   Awarding punitive damages;

20      i.   Granting injunctive relief;

21      j.   Awarding reasonable attorneys' fees and costs and expenses; and

22      k.   Granting other and further relief, in law or equity, as this Court may deem appropriate and

23           just.

24                          **JURY DEMAND**

25      Pursuant to Section 16, Article I of the California Constitution and Cal. Code of Civ. Pro.

26   § 631, Plaintiff and the classes demand a trial by jury.

27

28                                       9

CLASS ACTION COMPLAINT
Case No.

1

2   Date: March 15, 2021

3

4

5

6

7

8

BERGER MONTAGUE PC

Sophia Rios, SBN 305801
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
T. 619.489.0300
F. 215.875.4604
srios@bm.net

*Attorney for Plaintiff*

10

                                   CLASS ACTION COMPLAINT
                                        Case No.

EXHIBIT A



**TransUnion. SmartMove**

Tenant Screening for Every Landlord℠

2.3.0.14

## Application #1000006314115

| Applicant | Recommendation | Open Bankruptcy | Credit Score | Applicant Role | Status | Reports |
|---|---|---|---|---|---|---|
| Michael Lewis (XXX-XX-3776) | **Accept** View Details | 0 Open Bankrupcies within the past 6 months. | 581 | Primary Renter | Completed (06-04-19 09:43 PM) | |

### Criminal Records by state | Michael   Lewis   DOB ███ 1972 SSN | XXX-XX-3776
███   San Pedro   California   ███

**Summary:** 4 Records Found in 1 States

California (4)

| Record | First Name | Middle Name | Last Name | DOB | SSN | Dataset |
|---|---|---|---|---|---|---|
| 1 | MICHAEL | R | LEWIS | | No SSN Returned | CAGL2 |
| 2 | MICHAEL | R | LEWIS | | No SSN Returned | CACC3 |
| 3 | MICHAEL | R | LEWIS | | No SSN Returned | CAOR2 |
| 4 | MICHAEL | R | LEWIS | | No SSN Returned | CASA2 |

### Eviction Report

Michael Lewis (XXX-XX-3776),   DOB : ███ 1972

San Pedro, California, ███

Application No #1000006314115
Created On Date : 6/4/2019 9:43:50 PM

| State Report | | |
|---|---|---|
| **State** | **# of Records** | **Action/Report** |
| AK, AL, AR, AZ, CA, CO, CT, DC, DE, FL, GA, HI, IA, ID, IL, IN, KS, KY, LA, MA, MD, ME, MI, MN, MO, MS, MT, NC, ND, NE, NH, NJ, NM, NV, NY, OH, OK, OR, PA, PR, RI, SC, SD, TN, TX, UT, VA, VI, VT, WA, WI, WV, WY | 0 | No Records Found |





**Credit Report**                                                      6/23/2019 12:36 PM

Name:       Michael Lewis
Address:                        SSN Message: SSN Match (confirmed by
            San Pedro, CA                                        bureau)

# Michael R Lewis

**Addresses**

| Current Address | Current Address | Current Address |
|---|---|---|
| Los Angeles CA | Los Angeles CA | Sparks NV |
| Reported: 06/06 | Reported: 03/02 | |

Address Discrepancy: **The provided address does not match those in the consumers file.**

## Fraud Indicators

Description

Current address mismatch - Input does not match file.

## Profile Summary

**Record Counts**

| Tradelines: | Collections: | Public Records: | Inquiries: |
|---|---|---|---|
| 1 | 0 | 0 | 1 |

**Derogatory Items**

| Negative Tradelines: | Tradelines with any historical negatives: | Occurrence of any historical negatives: |
|---|---|---|
| 1 | 0 | 0 |

**Tradeline Summary**

| | Count | High Credit | Credit Limit | Balance | Past Due | Payment | Available |
|---|---|---|---|---|---|---|---|
| Revolving | 0 | N/A | N/A | N/A | N/A | N/A | N/A |
| Installment | 1 | N/A | N/A | N/A | N/A | N/A | N/A |
| Mortgage | 0 | N/A | N/A | N/A | N/A | N/A | N/A |
| Open | 0 | N/A | N/A | N/A | N/A | N/A | N/A |
| Closed w Bal | - | N/A | N/A | $3,254 | $3,254 | $389 | N/A |
| Total | 1 | $0 | $0 | $3,254 | $3,254 | $389 | N/A |

## ResidentScore

| ResidentScore | Score Factors |
|---|---|
| **581** | Not enough revolving debt experience<br>Too few bank revolving accounts<br>Not enough retail debt experience<br>Too few bankcard accounts<br>Inquiries impacted the credit score |

## Tradelines

**Tradelines Total**

| Count | Balance Total | Total Credit Limit | Total Past Due |
|---|---|---|---|
| 1 | $3,254 | N/A | $3,254 |

**Trades**

### THE CALIF CU

| | | | | | |
|---|---|---|---|---|---|
| Industry: | Credit Union and Finance other than personal | Opened: | 02/02 | Balance: | $3,254 |
| Loan Type: | Automobile | Verified: | 04/17 | Past Due: | $3,254 |
| Loan Terms: | Installment 060 Monthly | Closed: | 10/13 | Credit Limit: | N/A |
| Account Type: | Joint account | Paid: | | Payment Amount: | $389 |

| | |
|---|---|
| Status: | 09: Charged off as Bad Debt |
| Remarks: | Profit and loss writeoff |
| Notes: | Automated account |

Payment History
  No payment history reported

## Inquiries

| Date | Name | Kind of Business |
|---|---|---|
| 07/18/2017 | CCB | Miscellaneous |

# ᐒ Criminal Report

6/14/2019 4:11 PM

Applicant Information Submitted

Date of Birth: ███████ 1972
Address: ████████
San Pedro, CA ████████

Name: Michael Lewis

# MICHAEL R LEWIS JR

| | |
|---|---|
| Dataset: | CA Glenn County Superior Court |
| DOB: | N/A |
| Age: | N/A |
| SSN: | N/A |
| Residence: | N/A |

## Aliases
No aliases found

## Physical Features

**PHYSICAL DETAILS**
Sex: U

**PERSON PHYSICAL FEATURES**
No physical features listed

## Summary

| Incident(s): | Booking(s): | Arrest(s): |
|:---:|:---:|:---:|
| 0 | 0 | 0 |

| Court Action(s): | Sentencing(s): | Supervision(s): |
|:---:|:---:|:---:|
| 1 | 0 | 0 |

## Comments

## Court Action

Activity Type: CRIMINAL/TRAFFIC          Court Record Id: ST160935

## Court

**ORGANIZATION JURISDICTION**
Jurisdiction Description: CA GLENN COUNTY SUPERIOR COURT

## Court Charge

Charge Sequence Id: 1
Charge Description: DESIGNATED SPEED/EXCESS OF 10 MPH/MORE

**CHARGE CLASSIFICATION**

Charge Degree: INFRACTION (T)

Charge Filing Date: 2013-05-13

## CHARGE STATUTE

Statute Code Id: 22406(A-F)

Court Charge

Charge Sequence Id: 2

Charge Description: NOT ELIGIBLE FOR TRAFFIC SCHOOL

Charge Filing Date: 2013-05-13

## CHARGE STATUTE

Statute Code Id: NO-TVS

Court Charge

Charge Sequence Id: 3

Charge Description: PROOF FINANCIAL RESPONS. NON-ALCOHOL

## CHARGE CLASSIFICATION

Charge Degree: INFRACTION (T)

Charge Filing Date: 2013-05-13

## CHARGE STATUTE

Statute Code Id: 16028(A) C

Appealed From Lower Court: false

Case Filing

Activity Date: 2013-05-13

## 🔗 Criminal Report

6/14/2019 4:12 PM

Applicant Information Submitted

Date of Birth: ████ 1972
Address: ████
San Pedro, CA ████

Name: Michael Lewis

# MICHAEL R LEWIS

| | |
|---|---|
| Dataset: | CA Contra Costa Courts |
| DOB: | N/A |
| Age: | N/A |
| SSN: | N/A |
| Residence: | N/A |

Aliases
No aliases found

Physical Features

**PHYSICAL DETAILS**
Sex: U

**PERSON PHYSICAL FEATURES**
No physical features listed

Summary

| Incident(s): | Booking(s): | Arrest(s): |
|:---:|:---:|:---:|
| 0 | 0 | 0 |
| **Court Action(s):** | **Sentencing(s):** | **Supervision(s):** |
| 1 | 0 | 0 |

Comments

Court Action

Activity Type: CRIMINAL/TRAFFIC          Court Record Id: 373574

Court

**ORGANIZATION JURISDICTION**
Jurisdiction Description: WALNUT GREEK

Court Charge

Charge Sequence Id: 1

Charge Count: 1

Charge Filing Date: 2016-10-05

Appealed From Lower Court: false

Case Filing

Activity Date: 2016-10-05

## 𝄐 Criminal Report

6/14/2019 4:12 PM

Applicant Information Submitted

Date of Birth: ████ 1972
Address: ████
San Pedro, CA

Name: Michael Lewis

# MICHAEL R LEWIS

| | |
|---|---|
| Dataset: | CA Orange Superior Court |
| DOB: | N/A |
| Age: | N/A |
| SSN: | N/A |
| Residence: | N/A |

Aliases
No aliases found

Physical Features

**PHYSICAL DETAILS**
Sex: U

**PERSON PHYSICAL FEATURES**
No physical features listed

Summary

| Incident(s): | Booking(s): | Arrest(s): |
|:---:|:---:|:---:|
| 0 | 0 | 0 |
| Court Action(s): | Sentencing(s): | Supervision(s): |
| 1 | 0 | 0 |

Comments

Court Action

Activity Type: CRIMINAL/TRAFFIC

Court Record Id: CMZ220215

Court Charge

Charge Sequence Id: 1
Charge Description: CITATION

**CHARGE DISPOSITION**

Charge Disposition Date: 2014-04-17
Charge Filing Date: 2014-03-05
Appealed From Lower Court: false

Case Filing

Activity Date: 2014-03-05

# ᏦᎾ Criminal Report

6/14/2019 4:12 PM

Applicant Information Submitted

Date of Birth: ▮▮▮▮ 1972
Address ▮▮▮▮▮▮▮▮
San Pedro, CA ▮▮▮▮▮

Name: Michael Lewis

# MICHAEL R LEWIS

Dataset: CA Sacramento Superior Court
DOB: N/A
Age: N/A
SSN: N/A
Residence: N/A

Aliases
No aliases found

Physical Features

**PHYSICAL DETAILS**
Sex: U

**PERSON PHYSICAL FEATURES**
No physical features listed

Summary

| Incident(s): | Booking(s): | Arrest(s): |
|:---:|:---:|:---:|
| 0 | 0 | 0 |
| Court Action(s): | Sentencing(s): | Supervision(s): |
| 1 | 0 | 0 |

Comments

Court Action

Activity Type: CRIMINAL/TRAFFIC          Court Record Id: 14T01255

Court

**ORGANIZATION JURISDICTION**
Jurisdiction Description: CA SACRAMENTO SUPERIOR COURT

Court Charge

Charge Sequence Id: 1
Charge Filing Date: 2014-03-21
Appealed From Lower Court: false

Case Filing

Activity Date: 2014-03-21

 **TransUnion** | **Background Data Solutions**

Application Summary

**Michael Reid Lewis**
XX/XX/1972

Status:

Application #:     B47099529E808
Created On:        08/09/2019 14:38:11
Rental Property State: ZZ

###  Most Wanted

| Search | State | # of Records | Action/Status |
|--------|-------|--------------|---------------|
| Instant | Most Wanted List | 0 | 0 Records Found |

### Sex Offender

| Search | State | # of Records | Action/Status |
|--------|-------|--------------|---------------|
| Instant | National Sex Offender | 0 | 0 Records Found |

### Federal

| Search | State | # of Records | Action/Status |
|--------|-------|--------------|---------------|
| Instant | Potential OFAC Match | 0 | 0 Records Found |

### Criminal

| Search | State | # of Records | Action/Status |
|--------|-------|--------------|---------------|
| Instant | Illinois, Indiana, Michigan, Ohio, Iowa, Kansas, Minnesota, Missouri, Nebraska, North Dakota, Wisconsin, New Jersey, New York, Pennsylvania, Connecticut, Maine, New Hampshire, Rhode Island, Vermont, Alabama, Mississippi, Tennessee, District of Columbia, Florida, Georgia, Kentucky, Maryland, North Carolina, South Carolina, Virginia, Arkansas, Louisiana, Oklahoma, Texas, Arizona, Colorado, Idaho, Montana, Nevada, New Mexico, Utah, Alaska, California, Hawaii, Oregon, Washington, West Virginia | 0 | 0 Records Found |



 **Background Data Solutions**

### Eviction

| Search | State | # of Records | Action/Status |
|--------|-------|--------------|---------------|
| Instant | Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virgin Islands, Virginia, Washington, West Virginia, Wisconsin, Wyoming | 0 | 0 Records Found |

EXHIBIT B



## Great convenience, get tenant screening reports in minutes







**Request a tenant background check**

You create a free account and send your potential tenant an invite for a background check.

**Get tenant approval for rental screening**

Your potential tenant receives a rental screening invite & completes their application.

**Receive tenant screening report**

We verify and send you the tenant's credit check, criminal, eviction, and Income Insights reports.

## See the full picture of your tenant with our great screening reports



SCREEN A TENANT   FOR RENTERS   BLOG   HELP   SIGN UP   LOG IN



Credit checks you can trust, designed specifically for tenant screening. SmartMove tenant credit checks use ResidentScore to **predict rental eviction risk 15% better*** than traditional credit scores, helping landlords make a more confident rental decision.

**See more about Credit Report >**



## Tenant Criminal Report

**Over 370 million criminal records** from state and national databases provide comprehensive information for landlords.

See more about Criminal Report >



## Tenant Eviction Report

One of the largest evictions databases subject to the FCRA with **27 million eviction records,** covering all 50 states plus Washington D.C.

**See more about Eviction Report >**





## Income Insights Report

Know which applicants need additional verification, **skip the rest.**

See more about Income Insights Report >





TransUnion | SmartMove




Free to Sign Up- Enjoy free account signup and take advantage of pay-as-you-go rental screening services. Landlords can elect to pass cost of rental background checks onto renters.

**SIGN UP FREE TODAY**



## Used and Trusted by

| +400 | +3.7M | +4.6M |
|------|-------|-------|
| Companies | Landlords | Tenants |

The average eviction costs **$3,500.**

**SCREEN TODAY**

   Great Reports. Great Convenience. Great Tenants.™

SCREEN A TENANT    FOR RENTERS    BLOG    HELP    SIGN UP    LOG IN

# Online Tenant Screening For Independent Landlords
## Great Reports. Great Convenience. Great Tenants.

TransUnion SmartMove is the convenient tenant screening service for people who don't manage hundreds of properties.

Screening tenants used to be just for large professional property management companies. It's easy to understand why: pulling certain types of tenant background checks like tenant credit reports isn't possible for most individuals. This includes resident screening for many rental property owners, real estate agents and even small property management companies.

TransUnion changed that with the patented SmartMove tenant screening product, adding convenience and wide accessibility into tenant background checks.

In a nutshell, SmartMove allows rental history reports to be delivered to the landlord (or rental property owner, real estate agent or whoever is in charge of screening applicants) while protecting consumer information in a manner consistent with the Fair Credit Reporting Act and applicable regulations.

And... these tenant background checks are completely paperless and online. It's free to sign up for an account. Accounts can be created and screening reports delivered in a matter of minutes. Enjoy free membership with SmartMove's pay-as-you go tenant screening. Only pay for the reports you need. Additionally, SmartMove enables landlords the choice to pay themselves or pass the cost of background screening onto tenants.

Now renter credit, income estimate and eviction reports plus criminal background checks are available to all landlords and property owners. All of this information is contained within one easy-to-read tenant background check report.

A key to picking out the right renter is to have quality tenant background check information, including an eviction history check, to help you make your decision.

This is where TransUnion SmartMove is best:

- **Broad coverage:** Millions of records covering credit, criminal and evictions histories result in comprehensive rental background checks
- **More accurate matching:** Advanced matching logic using consumer address and name history helps match your rental applicants to our report histories
- **Just for Tenant Screening:** Report types and formats are designed for landlords, and specific to helping you decide which rental applicant to choose

**And, TransUnion SmartMove tenant screening services offers exclusive benefits and features that are designed to help landlords make more informed decisions.**

## Only SmartMove rental screening offers:

- Income Insights: Our proprietary tenant background checks offer Income Insights, a custom report that tells landlords which applicants need additional income verification. This report can help you save time and effort during the tenant screening process and lowers your risk for renter payment issues.
- ResidentScore 2.0: This credit measurement is built specifically for tenant screening and delivers a more accurate assessment of renter risk than a typical credit score. According to TransUnion research, ResidentScore predicts evictions 15% more often in comparison to a typical credit score in the bottom 20% score range where risk is greatest.
- **Choice of Who Pays**: You can opt to have renters cover the cost of rental screening. SmartMove gives landlords flexibility to choose to pay or pass the cost of tenant screening services to your prospective tenant. It's free to sign up and there's no fee to request a tenant screening report.



Great Reports. Great Convenience. Great Tenants.™

SCREEN A TENANT   FOR RENTERS   BLOG   HELP    SIGN UP    LOG IN

Along with tenant screening     ·ts, SmartMove delivers a credit-based recom     lation based on the applicant's ResidentScore.

A landlord credit check is an important step to evaluate your applicant. And, we know you base your leasing decision on more than just a credit profile or renter balance sheet. But as a consumer reporting agency, TransUnion leverages its decades of experience to offer ResidentScore 2.0, a credit score tailored specifically for the rental industry, helping you better assess an applicant's risk. Use credit checks designed for tenant screening and find high-quality tenants faster with SmartMove screening services.

## Why renters like TransUnion SmartMove tenant credit checks, too

SmartMove rental background checks are great for both landlord and tenant. A TransUnion tenant background check allows your applicants to share their histories while also protecting their personal identifying information. Renters who use SmartMove tenant screening services submit their personal information directly to TransUnion online, without having to provide sensitive information (such as a social security number) to the landlord. Ultimately, they like our services because we help them get the rental they want while making them feel comfortable in sharing their personal information in a convenient, online solution.

*According to TransUnion's research, ResidentScore predicts evictions 15% more often in comparison to a typical credit score in the bottom 20% score range where risk is highest.

**The Criminal Report is subject to federal, state and local laws which may limit or restrict SmartMove's ability to return some records.

***Instant criminal results not available for Delaware, Hawaii, Kentucky, Massachusetts, South Dakota, and Wyoming.

| Landlords | Renters | Support |
|---|---|---|
| What Is SmartMove? | What Is SmartMove? | Contact Us |
| ResidentScore | Why SmartMove? | Terms of Use |
| Credit Report | Why We're Secure | Privacy |
| Criminal Report | | Site Map |
| Eviction Report | | Blog |
| Recommendation | | FAQ |
| Income Insights | | How to Start a Dispute |
| What You Get | | Do Not Sell My Personal Information – CA residents only |
| Landlords | | |
| Property Managers | | |
| Real Estate Agents | | |




TransUnion

©2021 TRANSUNION RENTAL SCREENING SOLUTIONS, INC. ALL RIGHTS RESERVED. PRIVACY FCRA NOTICE. U.S. PATENT NO.8234498

**Stay Connected**



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court of California
County of Los Angeles

MAR 15 2021

Sherri R. Carter, Executive Officer/Clerk of Court

By _____ S. DREW _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TransUnion LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Michael Reid Lewis, individually and on behalf of those similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de vaior recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Los Angeles County Superior Court Stanley Mosk Courthouse, 111 North Hill St., Los Angeles, CA 90012 | **21STCV10069** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sophia Rios, Berger Montague PC, 12544 High Bluff Dr., Ste 340, San Diego, CA 92130; 619.489.0300

| DATE: *(Fecha)* MAR 15 2021 | Sherri R. Carter, Clerk | Clerk, by | , Deputy |
|---|---|---|---|
| | | *(Secretario)* STEVEN DREW | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TransUnion LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]        [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sophia Rios, SBN 305801
Berger Montague PC
12544 High Bluff Dr., Suite 340
San Diego, CA 92130
TELEPHONE NO.: 619-489-0300    FAX NO.: 215-875-4604
ATTORNEY FOR *(Name):* Plaintiff Michael Reid Lewis

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

FOR COURT USE ONLY

FILED
Superior Court of California
County of Los Angeles

MAR 15 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ **S. DREW** _____ Deputy

CASE NAME:
Lewis v. TransUnion LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **21STCV10069** |

CASE NUMBER: **21STCV10069**
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/15/2021

Sophia Rios
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Lewis v. TransUnion LLC | CASE NUMBER **21STCV10069** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Lewis v. TransUnion LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

SHORT TITLE: Lewis v. TransUnion LLC

CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Lewis v. TransUnion LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>N/A for Class Actions. |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __03/15/2021_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/15/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV10069 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Elihu M. Berle | 6 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _03/16/2021_____
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _S. Drew_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/23/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fregoso _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Michael Reid Lewis | |
| DEFENDANT/RESPONDENT:<br>Transunion LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV10069 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Initial Status Conference) of 03/23/2021, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sophia  Rios
Berger Montague PC
12544 High Bluff Drive
Suite 340
San Diego, CA  92130

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>03/23/2021</u>                    By:  <u>M. Fregoso</u>
                                                         Deputy Clerk

**CERTIFICATE OF MAILING**



FILED
Superior Court of California
County of Los Angeles

MAR 23 2021

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Marisela Fregoso

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| MICHAEL REID LEWIS, individually and on behalf of those similarly situated, | Case No.:  **21STCV10069** |
|  |  |
|                               Plaintiff(s), | **INITIAL STATUS CONFERENCE ORDER** |
|  vs. | **(COMPLEX LITIGATION PROGRAM)** |
| TRANSUNION LLC, |  |
|  | Case Assigned for All purposes to |
|                               Defendant(s). | Judge Elihu M. Berle |
|  |  |
|  | Department 6 |
|  | Date: May 20, 2021 |
|  | Time: 11:00 a.m. |

03/26/2021

1    This case has been assigned for all purposes to Judge Elihu M. Berle in the

2    Complex Litigation Program.  An Initial Status Conference is set for May 20, at 11:00 a.m.

3    in Department 6 located in the Los Angeles Superior Courts at United States Courthouse at

4    312 N. Spring Street, Los Angeles, California 90012.

5    Counsel for all parties are ordered to attend the Initial Status Conference remotely

6    via LA COURT CONNECT. The attorney portal can be found on the Court's website at

7    lacourt.org. NO PERSONAL APPERANCES WILL BE ALLOWED, unless special

8    permission is granted upon appropriate application.

9    Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

10   on all parties, within five (5) days of service of this order.  If any defendant has not yet

11   been served in this action, service is to be completed within twenty (20) days of the date of

12   this order.

13   The Court orders counsel to prepare for the Initial Status Conference by identifying

14   and discussing the central legal and factual issues in the case.  Counsel for plaintiff is

15   ordered to initiate contact with counsel for defense to begin this process.  Counsel then

16   must negotiate and agree, as possible, on a case management plan.

17   Counsel must file a Joint Initial Status Conference Statement seven (7) calendar

18   days before the Initial Status Conference.  The Joint Initial Status Conference Statement

19   must be filed on line-numbered pleading paper and must specifically address each of the

20   below numbered items.  Do not use the Judicial Council Form CM-110 (Case Management

21   Statement).

22   **1.  PARTIES AND COUNSEL:** Please list all presently named plaintiffs

23        and/or class representatives and presently named defendants, together with all

24        counsel of record, including counsel's contact and email information.

25   **2.  ELECTRONIC SERVICE OF PAPERS:** for administrative efficiency

26        and conservation of resource for the parties and court, the complex program

27        requires the parties in every new case to use a third-party cloud service, such as:

28        ■ Case Anywhere (www.caseanywhere.com),

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1       ■ CaseHomePage (www.casehomepage,com), or

2       ■ File&ServeXpress (www.lexisnexis.com/fileandserve).

3       The parties are to select one of these vendors and submit the parties' choice

4       when filing the Joint Initial Status Conference Statement.  If the parties cannot

5       agree, the court will select the vendor at the Initial Status Conference.

6       Electronic service is not the same as electronic filing.  Only traditional methods

7       of filing by physical delivery of original papers or by fax filing are presently

8       available.

9       **3.  CLAIMS AND DEFENSES:**  Set forth a brief description of the core factual

10 and legal issues, derived from Plaintiff's claims and defendant's defenses.

11       **4.  POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently

12 intend to add more plaintiffs and/or class representatives?  If so, and if known, by what

13 date and by what name will these parties be identified? Does any plaintiff presently intend

14 to name more defendants?  If so, and if known, by what date and by what name will these

15 defendants be identified?   Does any appearing defendant presently intend to file a cross-

16 complaint?  If so, who will be named as a cross-defendant?

17       **5.  IMPROPERLY NAMED DEFENDANT(S):**  Does any party contend that

18 the complaint names the wrong person or entity, please explain.

19       **6. (For class actions) ADEQUACY OF PROPOSED CLASS**

20 **REPRESENTATIVE(S):**  Does any party contend one or more named plaintiffs might

21 not be an adequate class representative. If so, please explain.

22       **7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:**  What is

23 the estimated size of the putative class?

24       **8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS**

25 **DEFINITIONS:**  Are there other cases with overlapping class definitions? If so, please

26 identify the court, the short caption title, the docket number, and the case status.

27

28

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:** Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

**10. POTENTIAL EARLY CRUCIAL MOTIONS:** Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE: By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should consider the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Counsel are to discuss a plan of discovery. In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future dates for:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1    **PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise

2    provided in this Initial Status Conference Order, ***these proceedings are stayed, except for***

3    ***service of summons and complaint and filing of Notice of Appearance.***  This stay shall

4    preclude the filing of any answer, demurrer, motion to strike, or motions challenging the

5    jurisdiction of the Court.  Any defendant may file a Notice of Appearance for purposes of

6    identification of counsel and preparation of a service list.  The filing such a Notice of

7    Appearance shall be without prejudice to any challenge to the jurisdiction of the Court,

8    substantive or procedural challenges to the Complaint, any affirmative defense, and the

9    filing of any cross-complaint in this action.  This stay is issued to assist the Court and the

10   parties in managing this "complex" case.  Although the stay applied to discovery, this stay

11   shall not preclude the parties from informally exchanging documents that may assist in

12   their initial evaluation of the issues presented in this case.

13

14

15

16

17

18

19   Dated:    MAR 2 3 2021    _____

20                                HON. ELIHU M. BERLE

21                                JUDGE OF THE SUPERIOR COURT

22

23

24

25

26

27

28

-5-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 6

**21STCV10069**                                                    March 23, 2021
**MICHAEL REID LEWIS vs TRANSUNION LLC**                            2:33 PM


Judge: Honorable Elihu M. Berle          CSR: None
Judicial Assistant: M. Fregoso           ERM: None
Courtroom Assistant: M. Molinar          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 05/20/2021 at 11:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

Central District, Spring Street Courthouse, Department 6

**21STCV10069**                                                    March 23, 2021
**MICHAEL REID LEWIS vs TRANSUNION LLC**                            2:33 PM

Judge: Honorable Elihu M. Berle              CSR: None
Judicial Assistant: M. Fregoso               ERM: None
Courtroom Assistant: M. Molinar              Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.