**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Atlanta Division**

_____

| | |
|---|---|
| **IN RE: TransUnion Rental Screening Solutions, Inc. FCRA Litigation** | No. 1:20-md-02933-JPB<br>ALL CASES |

_____

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CONDITIONAL SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL, APPROVING AND DIRECTING NOTICE PLANS, APPOINTING SETTLEMENT ADMINISTRATOR**

WHEREAS, the Court has been advised that certain of the Parties to the coordinated and/or consolidated lawsuits in the above-captioned proceedings ("the Litigation"), Plaintiffs William Hall Jr, Chris Robinson, Jennifer Brown, Patricia McIntyre, Kaila Hector, William Aird, and Ramona Belluccia, on behalf of themselves and all others similarly situated (hereinafter referred to as "Plaintiffs"), and TransUnion Rental Screening Solutions, Inc. ("Defendant" or "TURSS") (collectively, the "Parties"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the Litigation upon the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court, and the Court deeming that the

definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

**NOW, THEREFORE**, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the proposed Settlement Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in this Litigation.

**IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **RULE 23(b)(2) SETTLEMENT CLASS** — Pursuant to Fed. R. Civ. P. 23(b)(2), the Litigation is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Rule 23(b)(2) Settlement Class:

> All individuals in the United States about whom TURSS reported a Criminal Record and/or Landlord-Tenant Record to a third party from November 7, 2016 through the Injunctive Relief Termination Date.

3. **PRELIMINARY CERTIFICATION OF RULE 23(b)(2) SETTLEMENT CLASS** — The Court preliminarily finds that the Litigation and

2

Rule 23(b)(2) Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23.  Namely, the Court preliminarily finds that:

    A. The members of the Rule 23(b)(2) Settlement Class ("Rule 23(b)(2) Settlement Class Members") are so numerous that joinder of all of them in the lawsuit is impracticable;

    B. There are questions of law and fact common to the Rule 23(b)(2) Settlement Class Members;

    C. The claims of the Plaintiffs are typical of the claims of the Rule 23(b)(2) Settlement Class Members;

    D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Rule 23(b)(2) Settlement Class Members; and

    E. Defendant had acted on grounds generally applicable to the Rule 23(b)(2) Settlement Class as a whole. The Litigation arises from Defendant's practices concerning the matching of Criminal Records to subjects of Consumer Reports, and the reporting of the status of Landlord-Tenant Records.  While Defendant maintains that it has always acted in compliance with the law, the fact that the Settlement Agreement, once finally approved by this Court, and the Consent

Injunctive Relief Order is entered, modifies Defendant's conduct as to the Rule 23(b)(2) Settlement Class as a whole makes it appropriate for certification under Rule 23(b)(2). Any individual claims that Rule 23(b)(2) Settlement Class members may have under the FCRA or any provisions of state FCRA equivalent are preserved by the Settlement Agreement and thus do not preclude certification under Rule 23(b)(2). Consequently, the Court finds that the requirements for preliminary approval and certification of a settlement class under Rule 23(b)(2) are satisfied.

4. If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(2) Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement and all associated proceedings had not been negotiated, made, or filed with the Court; and the Parties agree that the case will return to the status quo ante as of September 8, 2022.

5. **RULE 23(b)(3) SETTLEMENT CLASS** — Pursuant to Fed. R. Civ. P. 23(b)(3), the Litigation is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Rule 23(b)(3) Settlement Class:

> (i) all individuals about whom TURSS reported a Criminal Record to a third party between November 7, 2016 and January 1, 2022 when TURSS had in its possession information about the age of the offender in the record where such age information indicated that the offender was older than the subject of the report based on the subject of the report's date of birth at the time of the report;
> (ii) all individuals about whom TURSS reported a Criminal Record to a third party between May 14, 2019 and January 1, 2022, where at least one of the Criminal Records included in the report were derived from any jurisdiction in California, Florida, Texas, or Utah and did not contain a date of birth, Social Security Number, or street address associated with the criminal record;
> (iii) all individuals about whom TURSS reported a Landlord-Tenant Record to a third party between May 14, 2019 and January 1, 2022 from any jurisdiction in Virginia or Pennsylvania but where subsequent review of public records by Class Counsel show that TURSS did not report a satisfaction, appeal, vacatur, dismissal, withdrawal, or other favorable disposition of such record that was recorded in the jurisdiction's public docket at least sixty (60) days prior to the date of the TURSS report containing such Landlord-Tenant Record;
> (iv) all individuals from whom TURSS has a record of receiving a dispute between May 14, 2019 and January 1, 2022 related to TURSS's reporting of a Landlord-Tenant Record that TURSS categorized as "action date dispute," "case type/outcome dispute," "judgment amount dispute," or "other," and where the resolution was categorized as "data modified," "data removed," "data suppressed," or "no record available"; and,
> (v) all individuals from whom TURSS has a record of receiving a dispute between May 14, 2019 and January 1, 2022 related to TURSS's reporting of a Criminal Record that TURSS categorized as

"record does not match," and where the resolution was categorized as "data suppressed."

6.  The Parties currently estimate that there are approximately 90,000 members of the Rule 23(b)(3) Settlement Class ("Rule 23(b)(3) Settlement Class Members"). The exact number of Rule 23(b)(3) Settlement Class Members will be determined through the preparation of the Class List, as described in the Settlement Agreement.

7.  **PRELIMINARY CERTIFICATION OF RULE 23(b)(3) SETTLEMENT CLASS** — The Court preliminarily finds that the Litigation and Rule 23(b)(3) Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   A. The Rule 23(b)(3) Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   B. There are questions of law and fact common to the Rule 23(b)(3) Settlement Class Members, which predominate over any individual questions;

   C. The claims of the Plaintiffs are typical of the claims of the Rule 23(b)(3) Settlement Class Members;

   D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Rule 23(b)(3) Settlement Class Members; and

   E. The Court finds that as to this Rule 23(b)(3) Settlement Class, class treatment of these claims will be efficient and manageable, thereby

achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

8. Within five (5) business days of this Order, or by January 3, 2023, whichever comes later, Defendants shall provide the Initial Data to Class Counsel for purposes of establishing the (b)(3) Class List, as outlined in the Settlement Agreement.

9. If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(3) Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement and all associated proceedings had not been negotiated, made, or filed with the Court; and the Parties agree that the case will return to the status quo ante as of September 8, 2022.

10. **CLASS REPRESENTATIVE APPOINTMENT** — Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs William Hall, Jr., Chris Robinson, Jennifer Brown, Patricia McIntyre, Kaila Hector, William Aird, and

Ramona Bellucia, as the class representatives for the Rule 23(b)(2) Settlement Class. The Court further preliminarily certifies Plaintiffs William Hall, Jr., Chris Robinson, Jennifer Brown, Patricia McIntyre, Kaila Hector, William Aird, and Ramona Bellucia as the class representatives for the Rule 23(b)(3) Settlement Class. The Court finds that the Plaintiffs have no interests that are adverse or antagonistic to the interests of the Rule 23(b)(2) Settlement Class or the Rule 23(b)(3) Settlement Class. Both the Plaintiffs and the Rule 23(b)(2) Settlement Class Members share the common interest of obtaining certain rights and benefits concomitant with Defendant's practices concerning the matching of Criminal Records to the subject of the Consumer Report, and the reporting of the statuses of Landlord-Tenant Records. Each Rule 23(b)(3) Settlement Class Member will benefit from the Settlement Fund, from which payments of any Court-approved attorneys' fees, costs and the Settlement Administrator's expenses. The proposed settlement also preserves the right of Rule 23(b)(3) Settlement Class Members to opt out of the monetary relief settlement and preserves the right of all Rule 23(b)(2) Settlement Class Members to bring individual suits for actual damages or punitive damages if they wish.

11. **CLASS COUNSEL APPOINTMENT** — Having considered the work Class Counsel has done in identifying and investigating potential claims in this Litigation, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Litigation, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the classes,

the following attorneys are designated Class Counsel under Rule 23(g)(1): E. Michelle Drake and Joseph C. Hashmall of Berger Montague PC , Leonard Bennett, Craig Marchiando of Consumer Litigation Associates, P.C., Kristi Kelly and Andrew Guzzo of Kelly Guzzo PLC, , James Francis, John Soumilas, Lauren KW Brennan of Francis Mailman Soumilas P.C., and Robert C. Khayat, Jr, of Khayat Law Firm.

12.     **THIRD-PARTY SETTLEMENT ADMINISTRATOR** — The Parties have proposed JND Legal Administration as the Settlement Administrator for the Rule 23(b)(2) and Rule 23(b)(3) Settlement Classes.  The Court has reviewed the materials about this organization and concludes that it has extensive and specialized experience and expertise in class action settlements and notice programs. The Court hereby appoints JND Legal Administration as the Settlement Administrator, to assist and provide professional guidance in the implementation of the Notice Plans and other aspects of the settlement administration.  JND Legal Administration shall also be responsible for maintaining any records of, and keeping the Court and the Parties apprised of, any objections or written statements filed by any Settlement Class Member or government officials.

13.     **CLASS NOTICE** — The Court approves the form and substance of the Notice Plans proposed in the Settlement Agreement and the notices of class action settlement, attached as Exhibits E-H to the Settlement Agreement.  The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement Agreement and its terms and conditions meet the requirements of

Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notices concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the classes certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on class members. Such notice of a Rule 23(b)(2) class settlement and Rule 23(b)(3) class settlement is designed to reach a significant number of class members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Settlement Agreement and the Notice Plans attached as exhibits thereto. The Court finds that the Notice Plans constitute reasonable notice under Rule 23(e)(1) and satisfies due process. The cost of the notice plans shall be paid according to the terms of the Settlement Agreement.

14. **EXCLUSIONS FROM RULE 23(b)(3) SETTLEMENT CLASS AND OBJECTIONS TO THE RULE 23(b)(3) SETTLEMENT** — As soon as practicable but no later than thirty (30) days following the receipt of the Class List, the Settlement Administrator will send the notice to each Rule 23(b)(3) Settlement Class Member identified on the Class List pursuant to the terms of the Settlement Agreement. No later than three (3) days before the Final Fairness Hearing in this

10

Litigation, the Settlement Administrator will file proof of the distribution of Notice with the Court.

    A. Any proposed Rule 23(b)(3) Settlement Class Member who desires to be excluded from the Rule 23(b)(3) Settlement Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than sixty (60) days from the date Notices are mailed. Any proposed Rule 23(b)(3) Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement. To be valid, the proposed Rule 23(b)(3) Settlement Class Member's opt-out request must contain the proposed Rule 23(b)(3) Settlement Class Member's name, original signature, current postal address, and current telephone number, and a statement that the Settlement Class Member wants to be excluded from the Rule 23(b)(3) Settlement Class by the Rule 23(b)(3) Opt-Out & Objection Deadline. An opt-out request must not purport to opt out of the Rule 23(b)(3) Settlement Class for more than one consumer, i.e., purported opt-outs for a group, aggregate, or class are invalid. Requests for exclusions that do not substantially comply with the requirements in are invalid.

    B. Any Rule 23(b)(3) Settlement Class Member who does not opt out who wishes to object to the Rule 23(b)(3) Settlement may do so by sending

    the objection to the Settlement Administrator, postmarked no later than sixty (60) days from the date Notices are mailed.

C. Any objection must include all of the following:
   i. The caption of the Litigation;
   ii. The objecting Rule 23(b)(3) Settlement Class Member's name, address, and telephone number; and
   iii. A written statement detailing the specific basis for each objection, signed by the Settlement Class Member.

D. An objection submitted through an attorney must contain in addition:
   i. The identity, mailing address, email address, fax number, phone number for the counsel by whom the Rule 23(b)(3) Settlement Class Member is represented;
   ii. A statement of whether the objecting Rule 23(b)(3) Settlement Class Member intends to appear at the Final Fairness Hearing; and
   iii. A written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Rule 23(b)(3) Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Rule 23(b)(3) Settlement Class Member wishes to introduce in support of the objection.

E. TURSS or any Plaintiff may respond to an objection.

F. Any lawyer who intends to appear or speak at the final approval hearing on behalf of a member of the Rule 23(b)(3) Settlement Class must enter

      a written notice of appearance of counsel with the Clerk of the Court no later than three (3) days prior to the final approval hearing.

  G. Any objector to the Rule 23(b)(3) Settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed Settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any service awards to the Named Plaintiffs.

  H. Rule 23(b)(3) Settlement Class members who submit exclusions may not object to the Settlement.

15. **OBJECTIONS TO THE RULE 23(B)(2) SETTLEMENT** — Any individual Rule 23(b)(2) Settlement Class Member, or a representative of a government entity, who wishes to object to the Settlement Agreement may do so by mailing a copy of the objection to the Settlement Administrator with a postmark date no later than sixty (60) days from the date (b)(3) Notices are mailed. Objections may only be made by an individual Rule 23(b)(3) Settlement Class Member on his or her own behalf, and not as a member of a group or subclass. All properly submitted objections shall be considered by the Court.

  A. The objection must include all of the following:

      i. The caption of the Litigation;

      ii. The objector's name, address, and telephone number; and

      iii. A written statement detailing the specific basis for each objection.

    B. An objection submitted through an attorney must contain in addition:

        i. The identity, mailing address, email address, fax number, phone number for the counsel by whom the Rule 23(b)(2) Settlement Class Member is represented;

        ii. A statement of whether the objecting Rule 23(b)(2) Settlement Class Member intends to appear at the Final Fairness Hearing; and

        iii. A written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Rule 23(b)(2) Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Rule 23(b)(2) Settlement Class Member wishes to introduce in support of the objection.

    C. TURSS or any Plaintiff may respond to an objection.

    D. Any objector to the Rule 23(b)(2) Settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed Settlement, the dismissal of the case, or any award of attorneys' fees and expenses to Class Counsel.

16. **PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT** — The Court preliminarily finds that the settlement of the Litigation, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the

Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Classes; and the limited amount of any potential total recovery for Settlement Class Members if the Litigation continued.

17. **FINAL APPROVAL** — The Court shall conduct a hearing (hereinafter referred to as the "Final Fairness Hearing") to review and rule upon the following issues:

   A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

   B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be finally approved by the Court;

   C. Whether the Final Approval Order, as provided under the Settlement Agreement, should be entered, dismissing the Litigation with prejudice, terminating all lawsuits coordinated or consolidated within the above-captioned proceedings, and releasing the Rule 23(b)(2) Released Claims and Rule 23(b)(3) Released Claims against the Released Parties; and

   D. To discuss and review other issues as the Court deems appropriate.

18. The date for such hearing shall be August 24, 2023, at 9:00 AM, which is at least 225 days from entry of this Order.

19. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

20. Applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel shall be filed with the Court no later than twenty-one (21) days prior to the Objections Deadlines for both Settlement Classes. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than fourteen (14) days prior to the Final Fairness Hearing.

21. The Court may (i) approve the Settlement Agreement, with modifications to the Settlement Agreement that alter in any way the Parties' rights or duties as may be agreed to by the Parties, without further notice; and (ii) adjourn the final approval hearing from time to time, by oral announcement at the hearing without further notice. Class Counsel shall ensure that any rescheduled hearing dates are promptly posted to the Settlement Website. The Court retains exclusive

jurisdiction over the Litigation to consider all further matters arising out of or in connection with the proposed Settlement.

22. The Court retains continuing and exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

**It is SO ORDERED.**

Dated: Jan. 6, 2023

_____
HON. J. P. BOULEE
UNITED STATES DISTRICT JUDGE